[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10933
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00004-DHB-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN CAMPOS-ARROLLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 21, 2011)

Before CARNES, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Ruben Campos-Arrollo appeals his 120-month sentence, imposed after he

pleaded guilty to one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Campos-Arrollo argues that his sentence was substantively unreasonable because the consideration of his cooperation, family issues, remorse, and lack of a criminal history should have led the court to sentence him to less than 120 months' imprisonment.

We review the reasonableness of a district court's sentence under the deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. Id. § 3553(a)(1), (3)-(7).

2

The party challenging the sentence has the burden of establishing that the sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Further, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. We will not overturn a sentence unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

Campos-Arrollo has not identified why his sentence was unreasonable in light of the record and § 3553(a) factors. His sentence was within the guidelines range and thus one we would ordinarily expect to be reasonable. Campos-Arrollo does not show that the court committed a clear error of judgment in weighing the § 3553(a) factors. Accordingly, we affirm.

**AFFIRMED.**